IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

STEPHANIE DAVIDSON & )
WILLIAM LYNCH, )
 )
    Plaintiffs, )
 )  CIVIL ACTION NO.
v. )
 )  5:15-cv-00009-RS-GRJ
NANTWORKS, LLC & )
NANTHEALTH, LLC, )
 )
    Defendants. )
 )
 )

## DEFENDANT NANTHEALTH, LLC'S ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, NANTHEALTH, LLC ("NantHealth"), through its undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff's Complaint, as follows:

### INTRODUCTION

Plaintiffs' contentions that Defendant violated laws, rules or regulations, or that they were terminated because they objected to and/or refused to participate in those alleged violations are patently false, scandalous and vehemently denied. Plaintiffs were terminated because of their disruptive and unprofessional behavior in the workplace. Prior to their terminations, Plaintiffs never "complained of," "objected to," or "refused to participate" in any of the violations they now mention. To the contrary, Plaintiffs participated in and promoted the company mission, activities and processes that they now criticize. Plaintiffs had unencumbered access to, and frequently consulted with, Defendant's in-house legal and regulatory experts to ensure that their knowledge of applicable laws and regulations was current. Significantly, Defendant's

confidential reports, mock audits, and the other proprietary data that Plaintiffs' improperly retained and exploit in their Complaint contradict their allegations and demonstrate Defendant's unwavering commitment to compliance.

## JURISDICTION AND VENUE

1. Defendant admits that it employed both Plaintiffs in Panama City, Florida for short periods of time before they were terminated for improper and disruptive behavior and/or poor interactions with others, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that venue is proper and that this Court has jurisdiction over this matter by virtue of federal question and/or diversity jurisdiction, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admit that NantHealth is a transformational healthcare company converging biomolecular medicine and bioinformatics with technology services to empower physicians, patients, payers, pharma and researchers to transcend the traditional barriers of today's healthcare system.

4. Defendant admits that it is a subsidiary of NANTWORKS, LLC, but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that NANTWORKS, LLC is a Delaware limited liability company with its principal place of business in Culver City, California, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that it is a Delaware limited liability company with its principal place of business in Culver City, California, and that it conducts business in Panama City, Florida, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it employed Plaintiff, Stephanie Davidson, as its Senior Vice President of Professional Services, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that it employed Plaintiff, William Lynch, and that at the time of his termination he held the title of Senior Director of Marketing, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits it was Plaintiffs' employer but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits it conducted business in Panama City, Florida, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that it has offices in Dallas, Texas, and Philadelphia, Pennsylvania, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint, and asserts that Plaintiffs failed to satisfy the conditions precedent to maintaining actionable claims under the Florida Whistleblower Act.

## INTRODUCTION

13. Defendant admits that Plaintiffs purport to bring an action for retaliatory discharge, but denies that Plaintiffs can maintain an actionable claim and further denies that they are entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that it expected Plaintiff Davidson to play a substantial role in the Company, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that it employed Plaintiff, Stephanie Davidson, from

approximately August 18, 2014 to November 19, 2014, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that it employed Plaintiff, William Lynch, from approximately March 17, 2014 to November 19, 2014, but denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that it hired Plaintiffs, generally, to assist its team with the development of its business model and operations, but denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint, and more specifically states that these allegations are scandalous in that Plaintiffs know or should know that Defendant does not have patients and that the Company's products do not present the risk of harm to its customers' patients.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, and specifically states that these allegations are scandalous in that Plaintiff, Stephanie Davidson, is well aware that Defendant: a) proactively ordered, on its own initiative and as part of its ongoing quality assurance process, internal audits and reports to ensure its products were meeting or exceeding the Company's standards; b) employed highly qualified quality and legal experts; and c) implemented tracking systems to assure safety and security.

## FACTUAL BACKGROUND

24.     Defendant admits that it employed Plaintiff, Stephanie Davidson, from approximately August 18, 2014 to approximately November 19, 2014, but denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits that it employed Plaintiff, William Lynch, from approximately March 17, 2014 to approximately November 19, 2014, and that he was in charge of marketing for NantHealth, but denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint, and more specifically states that these allegations are scurrilous because Plaintiffs were aware that, even *prior* to their employment with Defendant, Defendant, as part of its business model and practice, continuously tested and improved its products to ensure and enhance their functionality. Thus, anything Plaintiffs claim to have "realized" was likely the result of information they obtained from Defendant's own self-inspection, due diligence and internal audits – all of which were ordered by others, and none of which implicated patient safety.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits that it voluntarily engaged an independent company to perform a mock audit to, among other things, ensure that products were performing as expected and that its operations were compliant with applicable laws, rules and regulations, but denies the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits that it engaged an outside company to examine its operations and make recommendations to further strengthen its compliance initiatives and, consistent with its efforts to ensure compliance, acted on the consultant's recommendations and corrected the items noted, but denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that it engaged an outside company to examine its operations and make recommendations to further strengthen its compliance initiatives and, consistent with its efforts to ensure compliance, acted on the consultant's recommendations and corrected the items noted, but denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that it engaged an outside company to examine its operations and make recommendations to further strengthen its compliance initiatives and, consistent with its efforts to ensure compliance, acted on the consultant's recommendations and corrected the items noted, but denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that it engaged an outside company to examine its operations and make recommendations to further strengthen its compliance initiatives and, consistent with its efforts to ensure compliance, acted on the consultant's recommendations and corrected the items noted, but denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits that it engaged an outside company to examine its operations and make recommendations to further strengthen its compliance initiatives and, consistent with its efforts to ensure compliance, acted on the consultant's recommendations and corrected the items noted, but denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant admits that it engaged an outside company to examine its operations and make recommendations to further strengthen its compliance initiatives and, consistent with its efforts to ensure compliance, acted on the consultant's recommendations and corrected the

items noted, but denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that as part of its efforts to ensure compliance and identify areas for improvement, it ordered an internal examination to assess the overall functionality of its cOS product and to identify potential areas for improvement. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint, and more specifically states that the confidential gap analysis underscores Defendant's commitment to ensuring that its products were compliant and met or exceeded expectations.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint, and more specifically states that the selected portions of the report that Plaintiffs identify were unsupported opinions, and did not reflect the reality of cOS's status. Defendant admits that it considered these opinions along with the other aspects of the report.

40.     Defendant denies the allegations contained in Paragraph 40, including subsections a-j, of the Complaint, and specifically states that the selected portions of the report that Plaintiffs identify were unsupported opinions, and did not reflect the reality of cOS's status. Defendant admits that it considered these opinions along with the other aspects of the report.

41.     Defendant denies the allegations contained in Paragraph 41, including subsections a-i, of the Complaint, and specifically states that the selected portions of the report that Plaintiffs identify were unsupported opinions, and did not reflect the reality of DCX's status. Defendant further admits that it considered these opinions along with the other aspects of the report.

42.     Defendant denies the allegations contained in Paragraph 42, including subsections a-d, of the Complaint, and specifically states that the cited portions were unsupported opinions, and were considered by Defendant along with the other aspects of the report.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits that it routinely conducted audit reports as part of its quality initiatives, but denies the remaining allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff attempted to sell her former company's HIPAA-related services and/or products to Defendant, but denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff hired Mr. VanDuyne, a former colleague of hers, and attempted to soon thereafter place him into the position of Security Officer without following Defendant's hiring procedures, but denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint, and specifically states that the allegations of fraud and unlawful conduct are scurrilous and apparently designed to maliciously smear and defame Defendant.

55. Defendant admits that the content of Paragraph 55 of the Complaint is quoted directly from www.healthit.gov webpage, but denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits that as part of its routine quality assurance initiatives, it

conducts internal audits and inspections in an effort to enhance the functionality of its products, but denies that Plaintiff was assigned to perform these tasks. Defendant admits that Plaintiffs now seek to exploit and distort the internal analyses and work product prepared by others within the Company for their personal gain in this case.

57. Defendant admits that it continuously directed Plaintiff, William Lynch, to its internal compliance resources to ensure that he understood and complied with applicable regulations, but denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint and, contrary to Plaintiffs' allegations, Defendant regularly provided compliance guidance and resources to Plaintiff, William Lynch, regarding the regulatory aspects of his job.

59. Defendant is without knowledge as to all Plaintiff, William Lynch's, interactions with Defendant's sales team and whether he was able to successfully provide that team with the marketing resources it needed, and, therefore, denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint, and further asserts that these allegations are scandalous and evidently raised with the intent to embarrass Defendant and the entities named in this Paragraph and/or improperly interfere with and otherwise harm their business relationship.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint because they are vague and without context, but admits that it is possible that she, like anyone else, would have been redirected to the appropriate managers or officials depending on the nature and subject matter of the issue.

70. Defendant admits that it terminated Plaintiff, Stephanie Davidson, after several employees, including her subordinates and other managers had complained about her verbally abusive behavior and her poor and counter-productive management style, but denies the remaining allegations contained in Paragraph 70 of the Complaint.

71. Defendant admits that it terminated Plaintiff, William Lynch, for his unprofessional, abusive and threatening conduct after learning that Plaintiff, Stephanie Davidson, had been terminated, but denies the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

## COUNT I

### VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT
### FLA. STAT. § 448.102(3)

74. Defendant realleges and incorporates its responses to Paragraphs 1 through 73 as though set forth fully herein.

75. Defendant admits that it employed Plaintiffs but denies the remaining allegations

contained in Paragraph 75 of the Complaint.

76. Defendant admits only that Plaintiffs purport to bring an action against Defendant under Section 448.102(3), but denies the remaining allegations contained in Paragraph 76 of the Complaint, and further denies that their claims have any merit or that they are entitled to any relief in this case.

77. Defendant denies the remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the remaining allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the remaining allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the remaining allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint, and further denies that they are entitled to any of the relief they seek in subparagraphs A.-H.

Unless expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

## **DEMAND FOR JURY TRIAL**

Defendant admits that Plaintiffs demand a trial by jury.

## STATEMENT OF DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by their failure to satisfy all conditions precedent to bringing suit.

### THIRD DEFENSE

Plaintiff's claims and/or alleged damages are barred on the grounds that, if Defendant made any decisions concerning Plaintiffs that were based, in part, on grounds of unlawful retaliation, which they were not, Defendant would have reached the same decision regardless of the alleged retaliation.

### FOURTH DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate their alleged damages.

### FIFTH DEFENSE

Defendant has made good faith efforts to prevent unlawful discrimination/retaliation in the workplace and, thus, cannot be liable for the decisions of its agents or for punitive damages, to the extent the challenged employment decisions were contrary to Defendant's efforts to comply with anti-discrimination or anti-retaliation statutes.

### SIXTH DEFENSE

Plaintiffs' claims and/or claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory/retaliatory behavior,

and/or Plaintiffs unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or to otherwise avoid harm.

### SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that discovery shows Plaintiff(s) engaged in conduct during their employment, which if then known by Defendant, would have resulted in their termination of employment.

### EIGHTH DEFENSE

Defendant reserves the right to amend or add defenses or claims that may become known during the course of discovery.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' Complaint, Defendant respectfully requests that:

1. Plaintiffs' claims be dismissed with prejudice in their entirety;

2. Plaintiffs' claims for punitive damages be stricken;

3. Each and every prayer for relief in Plaintiff's Complaint be denied;

4. Judgment be entered in favor of Defendant;

5. All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiffs; and

6. This Court grant Defendant such other and further relief, as it deems just and appropriate.

This 24th day of February 2015.                    Respectfully submitted,

**/s/Patrick G. DeBlasio, III**
Patrick G. DeBlasio, III
Florida Bar No. 0871737
Email: pdeblasio@littler.com
Nicholas S. Andrews
Florida Bar No. 0105699
E-mail: nandrews@littler.com

LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue
Suite 2700
Miami, FL 33131.1804
305.400.7500
305.603.2552 (Fax)

COUNSEL FOR DEFENDANT
NANTHEALTH, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| STEPHANIE DAVIDSON & WILLIAM LYNCH,<br><br>Plaintiffs,<br><br>v.<br><br>NANTWORKS, LLC & NANTHEALTH, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br><br>5:11-CV-00030-RS-GRJ |

## CERTIFICATE OF SERVICE

I hereby certify that on February 24th, 2015, I submitted **DEFENDANT NANTHEALTH, LLC'S ANSWER AND STATEMENT OF DEFENSES** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to Plaintiffs' counsel.

**LITTLER MENDELSON, P.C.**
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7500
Facsimile: 305.603.2552

/s/Patrick G. DeBlasio, III
Patrick G. DeBlasio, III
Florida Bar No. 0871737
Email: pdeblasio@littler.com
Nicholas S. Andrews
Florida Bar No. 0105699
E-mail: nandrews@littler.com

Counsel for Defendant
NANTHEALTH, LLC.

Firmwide:131723856.5 070080.1008

- 15 -