## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**STEPHANIE DAVIDSON**
**and**
**WILLIAM LYNCH,**

      **Plaintiffs,**

**v.**                                                  **Case No.  5:15cv9-MW/GRJ**

**NANTWORKS, LLC,**
**and**
**NANTHEALTH, LLC,**

      **Defendants.**

_____/

### <u>ORDER OF DISMISSAL</u>

Although Plaintiffs brought this action under state law, the complaint invokes federal question jurisdiction.  Unsatisfied with the jurisdictional allegations, this Court ordered the parties to show cause why the complaint should not be dismissed.  ECF No. 19.  The responses are in.  ECF Nos. 25 & 26. Plaintiffs have apparently given up on federal question jurisdiction, but Defendants have not.  Because federal law does not create the cause of action and there is not a substantial federal question, this order dismisses the action without prejudice.

Under a law known as the Florida Whistleblower's Act, private sector employers may not take "any retaliatory personnel action against an employee

because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." § 448.102(3), Fla. Stat.   To ultimately succeed on such a claim, a plaintiff must have "objected to an actual violation of law or . . . refused to participate in activity that would have been an actual violation of law." *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 465 (Fla. 2d DCA 2015).

Plaintiffs Stephanie Davidson and William Lynch are former employees of Defendant Nanthealth, LLC, a healthcare technology company.[1]  According to the complaint, they complained that Defendants' products violated several provisions of federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Food and Drug Administration regulations, and Federal Trade Commission regulations.  Plaintiffs assert that Defendants fired them in violation of the FWA for objecting to and refusing to go along with that allegedly unlawful conduct.

Plaintiffs brought this action here in federal district court.  The asserted basis for federal jurisdiction is that "the unlawful actions [that Plaintiffs] complained of . . . involve federal questions and federal laws and regulations."  ECF No. 1 ¶2.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In

---

[1]  According to the complaint, Nanthealth, LLC is a subsidiary of Defendant Nantworks, LLC.

determining whether jurisdiction exists under § 1331, a court must look to the well-pleaded complaint alone. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Generally, there is § 1331 jurisdiction in cases where federal law creates the cause of action. *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.). But Plaintiffs' cause of action comes from state law, not federal law.

Jurisdiction also exists under § 1331 over federal issues embedded in state-law claims between nondiverse parties where the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). This is a "slim category" of cases. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). Indeed, the Supreme Court has expressed concern that "[a] general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would . . . have heralded a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319.

In evaluating the propriety of substantial federal question jurisdiction, there is a "strong, if not dispositive, emphasis on the character of the disputed federal issue. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1299 (11th Cir.

2008).  Though it is not the only way to trigger this form of jurisdiction, pure
issues of federal law provide the "strongest basis for 'resort to the experience,
solicitude, and hope of uniformity that a federal forum offers on federal issues.'"
*Id*. (quoting *Grable*, 545 U.S. at 312).  In contrast, a much weaker basis is a "fact-
specific application of rules."  *Id*. (quoting *Bennett v. Sw. Airlines Co.*, 484 F.3d
907, 910 (7th Cir.2007)); *Empire Healthchoice*, 547 U.S. at 700-01 (rejecting
federal jurisdiction where the claim was "fact-bound and situation specific"
contrast with *Grable*'s "nearly pure issue of law").  And so "federal courts have
rejected the "expansive view that mere need to apply federal law in a state-law
claim will suffice to open the 'arising under' door.'"  *Adventure Outdoors, Inc.*,
552 F.3d at 1300 (quoting *Grable*, 545 U.S. at 313).

     The state-law claim in this case does not present a substantial question of
federal law necessary to invoke jurisdiction under § 1331.  *See, e.g.*, *Meyer v.
Health Mgmt. Associates, Inc.*, 841 F. Supp. 2d 1262, 1270 (S.D. Fla. 2012)
(holding alleged actual violation of Medicare laws underlying FWA claim
insubstantial).  Plaintiffs concede as much in their response to the order to show
cause.  Although an issue is whether Plaintiffs objected to or refused to participate
in an actual violation of federal law, a review of the complaint discloses nothing
beyond a fact specific application of rules.  Neither side has offered any suggestion

to the contrary.  Because there is no substantial federal question jurisdiction, the complaint is due to be dismissed without prejudice.

Plaintiffs apparently think the case may be remanded to state court, and ask that any remand order include certain determinations on the effect of these proceedings on a state case.  That cannot be done.

A case may be remanded to a state court if it was first removed from that state court.  *See* 28 U.S.C. § 1447.  For a case originally brought in federal district court, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745, 749 (3d Cir. 1993).  There is simply no provision allowing for a federal district court to remand a case to state court if the case was originally brought in federal court.

Defendants say that even if there is no federal question jurisdiction, they "reserve[] the right to further investigate whether diversity is appropriate in this matter."  ECF No. 26, at 3.  The basis for subject-matter jurisdiction must ordinarily appear on the face of a well-pleaded complaint.  Here, complete diversity is not alleged in the complaint.  If Plaintiffs elect to bring an action in state court, Defendants may have on opportunity to seek removal based on diversity.

For these reasons,

**IT IS ORDERED**:

1.  The Clerk must enter judgment stating "This action is dismissed without

    prejudice for lack of subject-matter jurisdiction."

2.  The Clerk must close the file.

**SO ORDERED on June 30, 2015.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**